UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CA, INC., D/B/A CA TECHNOLOGIES,<br><br>       Plaintiff,<br><br>   v.<br><br>NEW RELIC, INC.,<br><br>       Defendant. | Case No. 12-cv-05468-JS-WDW |

**JOINT REPORT PURSUANT TO RULE 26(F)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff CA, Inc. ("CA" or "Plaintiff") and Defendant New Relic, Inc. ("New Relic" or "Defendant") respectfully submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and the Local Rules of the Eastern District of New York (the "Local Rules").

**BACKGROUND**

On November 5, 2012, Plaintiff filed its Complaint against Defendant. [Dkt. No. 1] On January 4, 2013, Defendant filed its Answer. [Dkt. No. 8]

On January 28, 2013 and February 1, 2013, as required by Rule 26(f) and this Court's January 23, 2013 Order [Dkt. No. 20], counsel for the parties conferred by telephone and agreed upon the below discovery plan and schedule. Alan Albright, Esq., Barry Shelton, Esq., and David Ball, Esq. of Bracewell & Giuliani LLP participated on behalf of Plaintiff. Christa Anderson, Esq., Corey Johanningmeier, Esq., and Elizabeth McCloskey, Esq. of Keker & Van Nest LLP and Nathan Dee, Esq. and Elizabeth Aboulafia, Esq. of Cullen & Dykman LLP participated on behalf of Defendant.

**PROPOSED DISCOVERY PLAN**

A.   **Pre-Discovery Disclosures**

The parties jointly request that the requirements of Rule 26(a)(1)(C) be modified to provide that initial disclosures shall be served on February 22, 2013.

B.   **Subjects for Discovery**

Plaintiff anticipates that discovery will be required regarding facts concerning the following subjects:

1. Plaintiff's allegations of infringement;

2. Defendant's knowledge of and actions concerning the alleged infringement;

3. Claim construction;

4. Defendant's proposed defenses; and

5. Damages.

Defendant anticipates that discovery will be required regarding facts concerning the following subjects:

1. Plaintiff's allegations of infringement;

2. Defendant's allegations of invalidity and unenforceability of the patents-in-suit, including but not limited to discovery concerning relevant prior art;

3. Claim construction;

4. Conception, reduction to practice, efforts to prosecute, and relevant priority date as relates to each patent-in-suit;

5. Disclosure, sales, offers for sale, and/or use of products embodying the alleged inventions;

6. Defendant's laches and estoppel defenses;

7. Marking and notice within the meaning of 35 U.S.C. § 287;

8. Alleged damages; and

9. Other patent applications and patent prosecution files in the same family as patents in suit.

The foregoing lists are not intended to be exhaustive, and the parties reserve their right to take discovery on additional subject matters as the case progresses.

C. **Production of Electronically Stored Information**

The parties agree that electronically stored information ("ESI") shall be produced in the following manner, with the exception of source code, which shall be produced in a format and manner that will be specified in a stipulated protective order:

1. Document Image Format. Each document shall be produced in single page Tagged Image File Format (.TIFF or .TIF files) irrespective of how it was maintained in the ordinary course of business. Documents that include color images or text shall be produced with an accurate reproduction of the color images or text utilizing an appropriate file type such as jpg.

2. Load File. TIFF Files shall be produced in single-page format along with image load files (.DAT and .DII file and .OPT file and .LFP file).

3. File Name. Each document image file shall be named with the unique Bates Number, followed by the extension "TIF."

4. Searchable Text. All documents are to be provided, where possible, with per document searchable text (.TXT) files, and such text files should contain the full text extraction. In the event a document is scanned into TIFF format or does not have searchable text, the document should be OCRed in order to create a text file. For production, the load file should include the OCR created text file that corresponds to the scanned TIFF image or non-searchable

electronic document. These text files should indicate page breaks, to the extent possible. In the event a document must be redacted, the extracted text should be replaced with the OCR text.

5. Metadata Load File. During the process of converting electronically stored information from the original native format of the document to image format (TIFF, JPG or other appropriate image format), the metadata associated with the native document file should be extracted and produced in the load file formats listed in Section C.2. For each document image (TIFF/JPG), the load files should contain the following fields: Beginning Bates Numbers for Document; Ending Bates Number for Document; Beginning Bates Number for Family (Parent + Attachments); Ending Bates Number for Family (Parent + Attachments); Path to File or Message; File Name; File Extension; Author (from Application Metadata); Last Author (from Application Metadata); Title (from Application Metadata); From (for Email Messages); To (for Email Messages); CC (for Email Messages); BCC (for Email Messages); Email Subject; Date Created (for Files); Date Last Modified (for Files); Date Received (for Email Messages); Date Sent (for Email Messages); Time Created (for Files); Time Last Modified (for Files); Time Received (for Email Messages); Time Sent (for Email Messages); Full Text (Extracted from Electronic Files or OCRed from Scanned Paper Documents); Custodian; Confidentiality Designation.

6. Production of Excel and Database ESI. Unless such materials contain privileged information, MS-Excel spreadsheets and databases should be produced in native format. The metadata load file shall contain a link to the produced MS-Excel spreadsheets and databases via data values called "Native Link." The Native Link values should contain the full directory path and file name of the MS-Excel spreadsheet and database as contained in the produced media. The file name of each natively produced file should be named to include the unique Bates number associated with the file.

7.     De-duplication.  A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI across Custodians.

**D.     Privilege and Work Product Issues**

The parties anticipate reaching, and will submit to the Court, an agreement regarding the form and timing of production of privilege logs as well regarding the inadvertent disclosure of privileged or otherwise confidential information.

**E.     Parties' Proposals Regarding Discovery Limitations**

Except as specifically set forth below, the parties agree that the discovery limits set forth in Rules 30 through 34, and the corresponding Local Rules, are adequate for this case.

Depositions. The total number of non-expert deposition hours taken, including party and non-party depositions, shall not exceed 70 hours of on-the-record time per side.  Any testifying expert may be deposed, and each expert deposition shall not exceed 8 hours of on-the-record time.

**F.     Protective Orders**

The parties anticipate reaching agreement on the form of a stipulated protective order to govern the exchange of confidential information, and will promptly submit such order to the Court for entry.  The parties mutually agree that, until the Court enters a Protective Order, all documents and things produced pursuant to this Plan and in response to discovery requests, and which contain a confidentiality designation, shall be treated by the receiving party as CONFIDENTIAL OUTSIDE COUNSEL ONLY and parties will limit access to outside counsel of record until such time as a Protective Order is entered.

**G.     Contentions**

On or before March 19, 2013, Plaintiff shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately, and as specifically as possible, the following information:

1. Each asserted claim allegedly infringed by Defendant and the specific product or practice that infringes each claim so identified.

2. For accused products, if any, a claim chart identifying specifically where each limitation of each asserted claims is found within each accused device, including for each limitation that Plaintiff contends is governed by 35 U.S.C. § 112(f) (means-plus function), the identity of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

3. For accused methods, if any, a claim chart identifying specifically how each limitation of each asserted method claim is practiced.

4. Whether each limitation of each asserted claim is claimed to be literally infringed or infringed under the doctrine of equivalents in the accused device or method.

5. For any claim of priority earlier than that listed on the face of the patent, the priority date to which each asserted claim allegedly is entitled.

6. For each claim of each patent-in-suit that is allegedly infringed, the identity of the applicable statutory subsections of 35 U.S.C. § 271 asserted.

7. The foregoing disclosure requirements do not limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures.

Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," Plaintiff shall produce, or make available for inspection and copying, the following, to the extent these items are in Plaintiff's possession, custody, or control:

1. A copy of the file history for each patent.

2. Documents sufficient to prove ownership of the patent rights by Plaintiff.

3. All rulings in any other cases in which the patents have been asserted regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

Defendant shall serve its "Preliminary Invalidity Contentions" on or before April 19, 2013, which must identify as specifically as possible the following, and be accompanied by a production of prior art documents identified below:

1. A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that Defendant contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

2. Any grounds of invalidity for any of the asserted claims based on non-patentable subject matter under 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or enablement or written description under 35 U.S.C. § 112(a).

3. Each item or combination of prior art that Defendant contends renders each specified claim obvious and all the reasons therefor.

4. Each item of prior art that Defendant contends anticipates each asserted claim.

5. A copy of each item of prior art identified by Defendant that does not appear in the file history of the patents at issue (together with any English translations of the documents completed prior to this litigation).

## H. Proposed Scheduling Order

The parties jointly submit the following schedule, which proposes to modify certain of the deadlines set forth in the Court's Proposed Scheduling Order, dated January 23, 2013 [Dkt. No. 20]. The parties agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery.

| **Event** | **Court's Proposed Deadline** | **Parties' Proposed Amended Deadline** |
|---|---|---|
| Plaintiff serves preliminary infringement contentions. | None. | March 19, 2013 |
| Defendant serves preliminary invalidity contentions. | None. | April 19, 2013 |
| Exchange of proposed claim terms, phrases, or clauses for construction. | None. | May 3, 2013 |
| Exchange of preliminary claim constructions and extrinsic evidence. | None. | May 24, 2013 |
| Joint claim construction and pre-hearing statement. | None. | July 9, 2013 |
| Motions to join new parties or to amend pleadings | August 7, 2013 | Same. |
| Plaintiff's opening claim construction brief and Defendant's opening claim construction brief. | None. | July 30, 2013 |
| Claim construction responsive briefs and supporting evidence. | None. | August 20, 2013 |
| Claim construction hearing. | None. | On or around September 3, 2013, subject to the Court's availability. |
| Close of fact discovery, including fact depositions. | October 30, 2013 | Same. |
| Last day to take first action beginning the dispositive | November 13, 2013 | Same. |

8

| Event | Court's Proposed Deadline | Parties' Proposed Amended Deadline |
|---|---|---|
| motion process | | |
| Parties serve initial expert reports (i.e. on subjects for which party bears the burden of proof) and disclosures pursuant to Rule 26(a)(2)(A) and (B). | October 30, 2013 | November 15, 2013 |
| Parties serve rebuttal expert reports and disclosures pursuant to Rule 26(a)(2)(A) and (B). | October 30, 2013 | December 6, 2013 |
| Close of expert discovery, including expert depositions. | October 30, 2013 | January 10, 2013 |
| Submit joint pre-trial order. | None. | March 12, 2014 |
| Pre-trial conference | December 4, 2013 | April 2, 2014 |

### I. Trial Date and Length of Trial

The parties request a trial commencing no earlier than April 7, 2014, or as soon thereafter as the Court is available. The parties preliminarily anticipate that trial of this matter will require approximately 4-5 court days, provided that the case and issues remain of essentially the same scope as they are today.

### J. Consent to Magistrate Judge for Trial

The parties consent to referral to Magistrate Judge William D. Wall to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c).

### K. Jury Demand

A jury trial has been demanded.

### L. Settlement and Alternative Dispute Resolution

At this time, the parties have not engaged in settlement negotiations. The parties are willing to participate in good faith in a mediation session before a private mediator and will discuss the appropriate timing for such a session.

Dated: February 11, 2013

| | |
|---|---|
| By: __/s/ David J. Ball_____<br><br>BRACEWELL & GIULIANI LLP<br>David J. Ball, Esq.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>david.ball@bgllp.com<br><br>-and-<br><br>BRACEWELL & GIULIANI LLP<br>Alan D. Albright, Esq.<br>Barry K. Shelton, Esq.<br>111 Congress Avenue, Suite 2300<br>Austin, Texas 78701<br>alan.albright@bgllp.com<br>barry.shelton@bgllp.com<br><br>*Attorneys for Plaintiff* | By: __/s/ C. Nathan Dee_____<br><br>CULLEN AND DYKMAN LLP<br>C. Nathan Dee, Esq. (CD 9703)<br>Elizabeth M. Aboulafia, Esq. (EC 2090)<br>100 Quentin Roosevelt Blvd.<br>Garden City, New York 11530<br>Telephone:  (516) 357-3700<br>ndee@cullenanddykman.com<br>eaboulafia@cullenanddykman.com<br><br>-and-<br><br>KEKER & VAN NEST LLP<br>Robert A. Van Nest, Esq.<br>Christa Anderson, Esq.<br>Corey Johanningmeier, Esq.<br>Elizabeth McCloskey, Esq.<br>633 Battery Street<br>San Francisco, California 94111-1809<br>Telephone: (415) 391-5400<br>rvannest@kvn.com<br>canderson@kvn.com<br>cjohanningmeier@kvn.com<br>emccloskey@kvn.com<br><br>*Attorneys for Defendant* |