UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CA, INC.,

                                                                           **ORDER**
                Plaintiff(s),                       CV 12-5468 (WDW)

    -against-

NEW RELIC, INC.,
        Defendant(s).
-----------------------------------------------------------X
**WALL, Magistrate Judge:**

In this patent infringement action, plaintiff CA, Inc. ("CA") contends that New Relic, Inc. ("New Relic") has infringed on three separate patents regarding an application performance management ("APM") product, which monitors the performance of web applications. Docket Entry ("DE") [31]; Plaintiff's Opposition ("Pl. Opp.") at 1. New Relic has filed a motion seeking to compel CA "to immediately provide proper infringement contentions supported by specific facts as to each of the distinct software agents it has accused, or to withdraw its accusations against those instrumentalities for which it refuses to supplement its contentions." DE [30]; Defendant's Memorandum in Support ("Def. Mem.") at 1. Plaintiff opposes the motion, contending that "New Relic mischaracterizes the complaint, the parties' meet and confer discussions, and applicable law in a transparent attempt to use a discovery dispute as a motion to strike the majority of CA's complaint before the case has scarcely begun." Pl. Opp. at 1. For the reasons stated herein, Defendant's motion is DENIED.

In its marketing and promotional materials, New Relic contends that its APM product is a "single product" and that New Relic is "the only APM vendor that can manage performance for applications written in Ruby, PHP, Python, Java, and .NET," which are separate programming

languages. *See* Pl. Opp. Ex. 7. The issue here hinges on how the parties characterize the infringing "product." New Relic argues for a narrow definition of "product" and contends that "[d]epending on the programming language that the app to be analyzed is written in, New Relic provides a distinct software 'agent' that interfaces between the customer's app and the New Relic Management tool." Def. Mem. at 1. Therefore, CA should have to provide specific infringement contentions for each of the programming languages or "agents." CA, however, argues for a more general definition, stating that "New Relic's APM product infringes the three patents-in-suit by the process through which it instruments existing object code, and is not restricted to the different agents by which New Relic accomplishes that process." Pl. Opp. at 2. Thus, CA contends that its infringement contentions, though specifically stated in only the Java programming language, are sufficient to provide New Relic with the information it needs to proceed with discovery, and any order requiring "CA to amend its infringement contentions to examine and provide a chart for each software agent would be duplicative, time consuming, extremely expensive, and largely unavailing." *Id.* at 3.

The parties' stipulated scheduling order that was So Ordered by the court on February 12, 2013 established the deadline of March 19, 2012 for CA to serve its infringement contentions, in which, among other things, CA was to provide information as to "[e]ach asserted claim allegedly infringed by Defendant and the specific product or practice that infringes each claim so identified." DE [25] at 6. CA also had to create a claim chart "identifying specifically where each limitation of each asserted claims is found within each accused device." *Id*. CA submitted its infringement contentions by the prescribed deadline, but New Relic has objected to CA's submission, arguing that it identified specific claims and created a chart for limitations asserted

under only the Java programming language but none of the other programming languages for which its APM product provides support.  Thus, New Relic contends, CA should have to submit specific claims and charts for all other programming languages or any claims CA has under those programming languages should be dismissed.

After a full review of the complaint, the papers submitted by the parties, and the arguments of the parties during oral argument, I find that the infringement contentions submitted by CA provide an ample outline for discovery to continue without regard to the specific software agent.  In its marketing materials, New Relic consistently refers to its APM product as a "single product" that is "fully integrated" and provides "multi-language support."  Pl. Opp. Ex. 6 & 7.  In addition, all of the patents-in-suit contain language stating that although all examples in the patent are described in the Java programming language, "the present invention applies to other programming languages and formats as well."  *Id*. Ex. 9 at 3-4, Ex. 10 at 3-4, Ex. 11 at 3.  It is thus the court's reading that this suit concerns how the single APM product created by New Relic infringes upon CA's patents across the spectrum of programming languages.  New Relic's motion is therefore DENIED and the parties are directed to submit a proposed amended scheduling order for any deadlines affected by the filing of this motion no later than May 31, 2013.

Dated:  Central Islip, New York        **SO ORDERED:**
　　　　   May 17, 2013

　　　　　　　　　　　　　　　　　　　　　　 /s/ William D. Wall　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge