

Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue, Suite 1700 | Austin, TX 78701-3797 | tel 512.580.9600 | fax 512.580.9601

Barry K. Shelton
tel: 512.580.9607
barry.shelton@pillsburylaw.com

October 25, 2016

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York 11722-4451

Re:   *CA, Inc. v. New Relic, Inc.*; Case No. 2:12-cv-05468 (AKT)

Dear Magistrate Judge Tomlinson:

We represent plaintiff CA, Inc. in the above-referenced matter and submit this letter pursuant to the Court's Order on October 17, 2016 (Dkt. No. 170) asking the parties to confer regarding a new schedule for submission of *Daubert* and motions in limine.

CA read the Court's Order to require the parties to discuss a reasonable schedule for disposition of the narrow issues remaining in this case, and to jointly submit a proposed schedule or competing proposed schedules. However, after a telephone conference with New Relic's counsel and subsequent email exchanges regarding the parties proposed schedules, New Relic indicated that it intends to submit its own letter with New Relic's proposed schedule and position in support. Accordingly, CA is compelled to do the same.

CA filed this lawsuit in December 2012 asserting three patents against several of New Relic's APM software products. The parties conducted exhaustive fact discovery thereafter, which has now been closed for almost two years. The parties also conducted rigorous expert discovery, and filed several motions for summary judgment, all of which have now been resolved by the Court. The parties also briefed and exchanged a motion to exclude expert testimony, and submitted that briefing to

October 25, 2016
Page 2

the Court. While that *Daubert* motion remains to be decided, there is no additional work that needs to be done.[1]

As for the remaining issues to be resolved at trial, they have been narrowed substantially through the course of these proceedings. Specifically, there are only two patents that remain at issue in the case as of today. Critically, the only issues that remain with respect to those two patents are (1) whether New Relic infringes the patents, and (2) if so, what damages CA is entitled to (including enhanced damages resulting from willful infringement). The Court's ruling granting CA's summary judgment motion precluding New Relic from challenging the validity of the remaining patents under the assignor estoppel doctrine means there will be no prior art or invalidity issues addressed at trial. And while some of the documents in this case are now stale with respect to both damages and infringement, the parties are more than capable of conferring and agreeing to a very narrow and targeted list of updated categories of information that will allow both parties to adequately prepare for trial.

In view of the foregoing, CA proposes the following schedule for *Daubert* motions and motions in limine:

December 1, 2016: deadline to serve motions in *limine*;
December 14, 2016: deadline to serve responses to motions in *limine*;
December 15, 2016: deadline to file motions in *limine* and *Daubert* briefing;
December 22, 2016: deadline to file pretrial order.

CA also proposes a trial date in late January or February 2017. CA anticipates four days will be necessary to try this case.

This schedule provides adequate time for the parties to prepare motions in limine and to file the *Daubert* briefing, which was previously completed by the parties and submitted to the Court. It also gives the parties adequate time to refresh otherwise stale discovery as to the narrow issues that remain in the case. Given the narrow issues that remain, the parties would also have plenty of time to finalize a pretrial order given the narrowed set of documents and witnesses at issue.

New Relic's letter proposal is an attempt to further delay a trial on the merits by insisting that the Court rule on its *Daubert* motion before any further activity can occur in this case. New Relic's *Daubert* motion, however, is without merit and should

---

[1] There is some subsequent case law that is relevant to the *Daubert* briefing that can be addressed via notice of supplemental authority, supplemental briefing, and/or during oral argument at a hearing.

October 25, 2016
Page 3

be denied for the reasons set forth in CA's briefing. Moreover, this case has been extensively and exhaustively litigated and CA respectfully submits that it is time for a trial on the merits on the narrow issues that remain.

We appreciate the Court's consideration of CA's proposed schedule, and look forward to addressing any concerns the Court may have.

Very truly yours,


*/s/ Barry K. Shelton*

Barry K. Shelton
Partner

cc:   All counsel of record (via ECF)